IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY GREY IBARRA, | § | |
| TDCJ-CID NO. 1236209, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-08-0623 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner Anthony Grey Ibarra's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 17). For the reasons stated below, the court will grant Respondent's Motion for Summary Judgment, and deny petitioner's Petition for a Writ of Habeas Corpus.

## I.   Factual and Procedural Background

The facts surrounding petitioner's conviction are as follows:

> Tuyet Tran, a bank teller and the robbery complainant, testified that on September 13, 2002, [petitioner] entered her bank in west Houston, pointed a pistol at her, and demanded money.  Tran went to her drawer, collected some money, and inserted a tracking device with the money.  A second bank employee took the money from Tran and gave it to [petitioner], who then demanded more money. The bank employee responded that there was no more money, and [petitioner] left the bank.

Houston Police Officer T. Galligan testified that, while on patrol on the same date, he received a transmission from the tracking device inserted into the stolen money. Galligan tracked the transmission, which led him to a van parked in a residential area. Galligan drove past the van, confirmed the description of the suspect and the suspect's van with a police dispatcher, and then advised the dispatcher that he had possibly located the suspect. Galligan then drove back toward the van and saw that the [petitioner] had walked out into the street. When [petitioner] pulled a gun from under his shirt, ran toward Galligan, and fired his gun, Galligan got out of his police car and returned gun fire. [petitioner] then returned to his van, reloaded his weapon, and again ran toward Galligan, firing his gun. Galligan reloaded his gun and pointed it at [petitioner], who then surrendered. However, [petitioner] struggled with Galligan as he attempted to handcuff him. Other police officers who had arrived at the scene assisted Galligan in restraining [petitioner], and Galligan noticed that he had been shot in the hand.[1]

In two separate cases, tried together, a jury found petitioner guilty of aggravated robbery and attempted capital murder and assessed his punishment at confinement for 60 years[2] and 80 years,[3] respectively. The Texas Court of Appeals affirmed both convictions.[4] Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was refused on November 2, 2005.[5]

---

[1]Ibarra v. State, Nos. 01-04-005940-CR and 01-04-00595-CR, 2005 WL 1308895 (Tex. App. -- Houston [1st Dist.] June 2, 2005, pet. ref'd).

[2]Trial court cause number 924118.

[3]Trial court cause number 924119.

[4]Ibarra v. State, 2005 WL 1308895, at *1.

[5]Id.

Petitioner filed an Application for a Writ of Habeas Corpus in state court where he raised claims of ineffective assistance of counsel.[6]  The state habeas trial court issued Findings of Fact and Conclusions of Law recommending that petitioner's application be denied.[7]   The Texas Court of Criminal Appeals followed that recommendation and denied petitioner's application.[8]   Petitioner then filed a federal petition for habeas corpus in which he raised the same claims that he raised in his state application.[9]

## II.  Standards of Review

Respondent contends that he is entitled to summary judgment because, based on the state court records, petitioner has failed to meet his burden under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").   Because petitioner filed his habeas petition after April 24, 1996, the AEDPA applies.  Lindh v. Murphy, 117 S. Ct. 2059 (1997).

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and applies to habeas corpus cases, see Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), but only to the extent that the rule is consistent with the AEDPA, see

---

[6]Ex parte Ibarra, WR-69,137-01, Application for a Writ of Habeas Corpus at 2-29.

[7]Id., Findings of Fact and Conclusions of Law at 66-67.

[8]Id. at cover.

[9]Petition for a Writ of Habeas Corpus, Docket Entry No. 1.

Rule 11 of Rules Governing § 2254 Cases.  Under Rule 56 summary judgment is appropriate only if the pleadings and parties' submissions demonstrate that there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In habeas cases, however, the court cannot construe all facts in the light most favorable to the nonmoving party.  See Woods v. Cockrell, 307 F.3d 353, 356-57 (5th Cir. 2002).  The AEDPA requires the court to presume as true all facts found by the state court absent clear and convincing evidence to the contrary.  Id. (citations omitted); 28 U.S.C. § 2254(e)(1).

Petitioner has the burden of establishing that he is entitled to relief.  Orman v. Cain, 228 F.3d 616, 619 (5th Cir. 2000).  To meet his burden under the AEDPA petitioner must establish that the state courts' adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  A state court's decision is "contrary to" clearly established federal law if the state court applied a rule that contradicts the law as established by the Supreme Court, or decides the case differently than the Supreme Court on a set of facts that are "materially indistinguishable."  Coble v. Quarterman, 496 F.3d 430, 435 (5th Cir. 2007).  An "unreasonable application" means more than an

"erroneous application"; an "unreasonable application" exists only where "the state court correctly identifie[d] the governing legal principle from [Supreme Court] decisions but unreasonably applie[d] it to the facts of the particular case." Horn v. Quarterman, 508 F.3d 306, 312 (5th Cir. 2007) (internal quotation marks omitted). To determine whether petitioner has made this showing, the court must examine petitioner's underlying claims. See Del Toro v. Quarterman, 498 F.3d 486, 490-91 (5th Cir. 2007) (affirming denial of a petitioner's habeas petition because he could not establish his claim on the merits); Neal v. Puckett, 286 F.3d 230 (5th Cir. 2002) (evaluating the merits of a petitioner's claim before concluding that although incorrect, the state court's decision was not an unreasonable application of federal law).

### III.  Analysis

In his petition, petitioner raises several claims of ineffective assistance of counsel.[10]  To establish that his counsel was ineffective petitioner "must demonstrate both deficient performance by his counsel and prejudice resulting from that deficiency." Emery v. Johnson, 139 F.3d 191, 196 (5th Cir. 1997). To prove counsel's performance was deficient "petitioner must demonstrate that [his] counsel's representation fell below an objective standard of reasonableness." Miller v. Dretke, 420 F.3d

---

[10]Petition for a Writ of Habeas Corpus, Docket Entry No. 1, at 7-8.

Case 4:08-cv-00623   Document 20   Filed in TXSD on 07/09/08   Page 6 of 13

356, 361 (5th Cir. 2005) (internal quotation marks omitted).  When examining counsel's performance the court "must be highly deferential, and . . . must presume that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Id.</u> Moreover, the court must "make every effort 'to eliminate the distorting effects of hindsight' and 'to evaluate the conduct from counsel's perspective at the time.'"  <u>Martinez v. Quarterman</u>, 481 F.3d 249, 254 (5th Cir. 2007) (quoting <u>Strickland v. Washington</u>, 104 S. Ct. 2052, 2065 (1984)).  To prove prejudice petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland</u>, 104 S. Ct. at 2068.  In other words, counsel's unprofessional errors must undermine the court's confidence in the outcome of petitioner's trial.  <u>Id.</u>  A claim of ineffective assistance of counsel can be disposed of "for either reasonable performance of counsel or lack of prejudice, without addressing the other."  <u>Murray v. Maggio</u>, 736 F.2d 279, 282 (5th Cir. 1984).  Petitioner asserts his counsel was ineffective for (1) failure to investigate and present possible defenses, (2) failure to call witnesses during trial, and (3) failure to present mitigating evidence at sentencing.[11]  Each claim will be addressed in turn.

_____

[11]Memorandum regarding Petition for a Writ of Habeas Corpus, Docket Entry No. 3, at 1.

**A.    Failure to Investigate and Present a Defense**

Petitioner asserts that his counsel were ineffective because they failed to investigate the information disclosed by petitioner's competency evaluation.  Had counsel investigated, they would have presented insanity, diminished capacity, and involuntary intoxication defenses at trial.[12]  To establish that counsel was ineffective for failure to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial."  Miller v. Dretke, 420 F.3d 356, 361 (5th Cir. 2005).  In support of this claim petitioner points to portions of a competency evaluation in which the psychologist stated that petitioner took psychotropic medication for approximately one month and restated petitioner's own claims that he had received psychiatric treatment in the past and that prior to his incarceration he was taking anti-depressant medications as well as muscle relaxers.[13]

Petitioner's counsel did, however, investigate petitioner's potential defenses.[14]  Petitioner's counsel hired an investigator and obtained a trial continuance in order to attempt to obtain

---

[12]Id.

[13]Id., Exh. 1 at 1-2.

[14]Ex parte Ibarra, WR-69,137-01, Affidavit of Jerry Geurinot at 57-59; Ex parte Ibarra, WR-69,137-02, Affidavit of John Clark at 64-65.

-7-

petitioner's military records.[15]   Petitioner's counsel also requested psychological examinations from the Mental Health and Mental Retardation Authority of Harris County ("MHMR"), which determined that petitioner was sane at the time of the offense and competent to stand trial.[16]   Petitioner's counsel also obtained prison records, which did not show treatment for mental health issues but, instead, a history of disciplinary and behavioral problems while petitioner was incarcerated.[17]

The state habeas court found that petitioner's counsel undertook an investigation, but was unable to present defenses based on insanity or diminished capacity because they could not locate or secure evidence that could potentially establish such defenses.[18]   Petitioner has not presented clear and convincing evidence that would override the strong presumption of correctness that attaches to the state habeas court's factual findings. See 28 U.S.C. § 2254(e)(1).   Accordingly, the court finds no basis for petitioner's conclusory allegations that his counsel's performance

---

[15]Ex parte Ibarra, WR-69,137-01, Affidavit of Jerry Geurinot at 57; Ex parte Ibarra, WR-69,137-02, Affidavit of John Clark at 65.

[16]Ex parte Ibarra, WR-69,137-01,Affidavit of Jerry Geurinot at 57; Ex parte Ibarra, WR-69,137-02, Affidavit of John Clark at 64.

[17]Ex parte Ibarra, WR-69,137-01, Affidavit of Jerry Geurinot at 58; Ex parte Ibarra, WR-69,137-02, Affidavit of John Clark at 66.

[18]Ex parte Ibarra, WR-69,137-01, Findings of Fact and Conclusions of Law at 65.

was deficient for failing to investigate and present various defenses.[19]

## B.    Failure to Call Witnesses

Petitioner claims that his counsel was deficient for failing to call any witnesses in his defense during the guilt-innocence phase.  Generally, claims of ineffective assistance based on counsel's failure to call a witness are disfavored because "the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain. . . ."  Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).  Thus, to prevail on such a claim petitioner must establish not only that the witnesses would have testified, but also that the witnesses' testimony would have been favorable to the defense.  Id.  Petitioner has submitted the affidavits of his two sisters stating they were willing and available to testify at trial, but were not called by petitioner's counsel.[20]  Petitioner's sister, Christy Martinez, stated in her

---

[19]Petitioner also claims that his counsel was ineffective for failing to request a psychological evaluation.  However, petitioner's counsel stated that they requested and obtained psychological evaluations from the MHMR to determine petitioner's competency and sanity.  Ex parte Ibarra, WR-69,137-01, Affidavit of Jerry Geurinot at 57; Ex parte Ibarra, WR-69,137-02, Affidavit of John Clark at 64.  The state habeas court found that the MHMR determined that petitioner was competent to stand trial and was sane when he committed the crimes.  Ex parte Ibarra, WR-69,137-01, Findings of Fact and Conclusions of Law at 65.  Since Ibarra has not presented any evidence, let alone clear and convincing evidence, to the contrary, the court will deny petitioner's claim on this point.  See 28 U.S.C. § 2254(e)(1).

[20]Id., Affidavit of Christy Martinez at 24; id., Affidavit of Julie Minchey at 25.

affidavit that she spoke with petitioner's counsel regarding petitioner's mental history.[21]  Specifically, Martinez told petitioner's counsel that petitioner was discharged from the military for psychological reasons, he had been in and out of mental hospitals throughout his life, and he was on psychotropic medication at the time of the crime.[22]  Petitioner's other sister, Julie Minchey, asserted in her affidavit that she was available to testify at trial and unsuccessfully attempted to reach petitioner's counsel on three or four occasions by telephone.[23]  Neither petitioner nor his sisters have explained what their testimony would have been had they been called as witnesses at trial.

The state habeas court found that petitioner instructed his counsel not to call any of his family to testify at trial because he did not want any of his family involved with the proceedings because of the publicity surrounding the trial.[24]  In light of this finding petitioner cannot prevail on his claim that counsel's failure to call his sisters as witnesses was ineffective assistance.  Del Toro v. Quarterman, 498 F.3d 486, 491 (5th Cir. 2007) (If "a client instructs his attorney not to . . . contact and

---

[21]Id., Affidavit of Christy Martinez at 24.

[22]Id.

[23]Id., Affidavit of Julie Minchey at 25.

[24]Ex parte Ibarra, WR-69,137-01, Findings of Fact and Conclusions of Law at 66; see Affidavit of Jerry Guerinot at 59; Ex parte Ibarra, WR-69,137-02, Affidavit of John Clark at 65-66.

interview witnesses, the client cannot later claim that the failure to do these things amounted to ineffective assistance"); <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 748 (5th Cir. 2000) ("Counsel will not be deemed ineffective for following their client's wishes, so long as the client made an informed decision.").  Accordingly, the court finds no basis for petitioner's allegations that his counsel's performance was deficient for failing to call witnesses to testify on petitioner's behalf.

**C.    Failure to Present Mitigating Evidence at Sentencing Stage**

Petitioner contends that his counsel was deficient for failing to present any mitigating evidence relating to his mental health history at the sentencing stage of trial.[25]  Petitioner claims that he has a history of mental illness and was discharged from the military due to this illness.[26]  According to the petitioner, his Harris County prison records corroborate the presence of a mental illness.[27]

After a diligent search, petitioner's counsel were unable to locate any independent information indicating that petitioner had a prior mental health history.[28]  Petitioner's counsel were able to

---

[25]Memorandum regarding Petition for a Writ of Habeas Corpus, Docket Entry No. 3, at 5.

[26]<u>Id.</u>

[27]<u>Id.</u>

[28]<u>Ex parte Ibarra</u>, WR-69,137-01, Affidavit of Jerry Geurinot at 59; <u>Ex parte Ibarra</u>, WR-69,137-02, Affidavit of John Clark at 66.

-11-

locate petitioner's prison records, which did not indicate a history of mental health issues, but, instead, indicated that petitioner had disciplinary and behavioral problems while incarcerated.[29]   Petitioner's counsel hired an investigator to attempt to recover military records, which petitioner alleged corroborated his mental health illness.[30]   However, petitioner's counsel were unable to locate such records.[31]   Against the advice of his counsel, petitioner elected not to testify during sentencing.[32]  Petitioner's counsel were therefore unable to present any evidence of petitioner's prior mental health or drug use.[33]  Accordingly, the court finds no basis for petitioner's allegations that his counsel's performance was deficient for failing to present mitigating evidence regarding petitioner's mental health at the sentencing stage of trial.

## IV.   Conclusion and Order

Based on the foregoing, Respondent's Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED**, and petitioner's

---

[29]Id.

[30]Ex parte Ibarra, WR-69,137-01, Affidavit of Jerry Geurinot at 57; Ex parte Ibarra, WR-69,137-02, Affidavit of John Clark at 65.

[31]Id.

[32]Ex parte Ibarra, WR-69,137-01, Affidavit of Jerry Geurinot at 59; Ex parte Ibarra, WR-69,137-02, Affidavit of John Clark at 65-66.

[33]Id.

Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is

**DENIED**.

　　　　**SIGNED** at Houston, Texas, on this the 9th day of July, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE